UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION - RIVERSIDE

FILED
CLERK, U.S. DISTRICT COURT
06/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY  AP  DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

JAMES EDWARD WHITFIELD,

Plaintiff,

v.

LEE DANIELS, et al.,

Defendants.

Case No. [Insert Case No.]

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND RECUSAL**

**I. INTRODUCTION**

Plaintiff, James Edward Whitfield, appearing pro se, submits this Memorandum of Law in support of his Motion for Reconsideration of the Court's prior Order Docket Entry #36, June 3, 2025 and for Recusal of the presiding judge pursuant to 28 U.S.C. § 455 and Fed. R. Civ. P. 60(b).

This case arises from Plaintiff's claim of extensive and willful misappropriation of his intellectual property—including his unpublished works From Underworld to Overworld (1997), Trilateral Wealth Creation System (1997–1999), and U.P.I.T.S. (1996)—used without authorization to create the hit television show Empire (2015–2020). Plaintiff alleges that the Defendants, directly or through intermediaries, obtained his protected materials and used them to develop characters, plots, business structures, and thematic elements that exhibit near-identical alignment to his life, works, and enterprises.

Plaintiff now seeks reconsideration based on (1) clear factual and legal error, (2) newly discovered evidence, (3) substantial procedural and constitutional error, and (4) disqualifying judicial conduct suggesting bias or prejudice.

## II. LEGAL STANDARDS

### A. Reconsideration – Fed. R. Civ. P. 60(b)

Rule 60(b) allows relief from a final judgment or order based on newly discovered evidence, mistake, fraud, or other grounds justifying relief. Courts may also correct prior rulings to prevent manifest injustice. See Gonzalez v. Crosby, 545 U.S. 524 (2005).

### B. Judicial Recusal – 28 U.S.C. § 455

Under 28 U.S.C. § 455(a), a judge must recuse where impartiality might reasonably be questioned. Recusal is also mandatory under § 455(b)(1) if there is actual bias or prejudicial knowledge. See Liteky v. United States, 510 U.S. 540 (1994).

### III. THE COURT'S TEN CLEAR ERRORS

1. Failure to consider Plaintiff's verified authorship of original manuscripts and invention materials.

2. Mischaracterization of Plaintiff's forensic alignment data showing 95–99% plotline overlap with Empire.

3. Disregard of sworn affidavits and witness confirmations presented as evidence.

4. Overlooking communications from Heather J. Schultz Gittens acknowledging transmission of Plaintiff's work.

5. Ignoring the constitutional implications of unauthorized social media data mining.

6. Treating pro se filings with judicial hostility rather than with the latitude required under Haines v. Kerner.

7. Issuing rulings that suggest predetermined judgment favoring defendants regardless of facts or law.

8. Dismissing claims with factual disputes more appropriate for a jury to resolve.

9. Failing to rule on critical motions before dismissing the case.

10. Setting a precedent that implicitly legalizes theft of intellectual property when committed by powerful media entities.

IV. OMISSION OF PLAINTIFF'S COMPARATIVE FORENSIC ANALYSIS IN DOCKET 18

Plaintiff also respectfully submits that the Court's June 3, 2025 Order failed to consider **Docket 18, filed on May 12, 2025, which includes a detailed 126-page forensic comparative analysis between Plaintiff's original works and the television series Empire. The concluding page, Page 126 of 126, states:**

**"This comparative structure demonstrates a substantial similarity and narrative repackaging of Plaintiff's corporate models into the fictional 'Empire Enterprises.'"**

The omission of any reference to this document—especially given its relevance to the core claims of narrative theft, commercial misappropriation, and character-based adaptation—constitutes a material oversight. Docket 18 substantiates Plaintiff's claims under multiple legal theories, including:

**- Copyright Infringement**

**- Trade Secret Misappropriation**

**- Civil Conspiracy**

This further underscores the impropriety of the Court's sua sponte dismissal without evaluating the complete record.

**V. RECENT CASE LAW (2021–2025)**

Recent decisions further support Plaintiff's entitlement to reconsideration and recusal:

- Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 595 U.S. ___ (2022): Court confirmed that copyright plaintiffs need not prove willfulness where copying is evident from substantial similarity.

- Google LLC v. Oracle America, Inc., 593 U.S. ___ (2021): Reinforced protection of computer code and IP structure from unfair use.

- Van Buren v. United States, 593 U.S. ___ (2021): Clarified scope of computer misuse and data scraping, relevant to social media mining issues.

- Warner Chappell Music, Inc. v. Nealy, 601 U.S. ___ (2024): Upheld delayed discovery rule in copyright damages claims.

- Jones v. Mississippi, 593 U.S. ___ (2021): Though not IP-related, reemphasized due process in discretionary judicial decisions—relevant to recusal.

**VI. CONCLUSION**

**For the foregoing reasons, Plaintiff respectfully requests that this Court GRANT reconsideration, VACATE the prior order, REASSIGN this matter to a new judge, and provide any other relief deemed just and proper.**

Respectfully Submitted,

Date: June 10, 2025

/s/James Edward Whitfied

James Edward Whitfield
Pro Se Plaintiff
7903 Elm Avenue #82
Rancho Cucamonga, CA. 91730
(952) 299-7010
whitfieldjames46@proton.me

6