UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

```
FILED
CLERK, U.S. DISTRICT COURT
07/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY      AP      DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

**JAMES EDWARD WHITFIELD, ) Plaintiff,**

v.

**LEE DANIELS, DANNY STRONG, et al.,**

**Defendants.**

Case No. 5:25-cv-01035 (MWC-BFM)

---

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT OF EXPERT WITNESSES

### I. INTRODUCTION

This Memorandum of Law is submitted in support of Plaintiff James Edward Whitfield's Motion for Appointment of Expert Witnesses pursuant to Federal Rule of Evidence 706. Given the complex and technical nature of the evidentiary issues in this matter—including narrative forensics, metadata analysis, and statistical modeling—expert assistance is essential to ensure a fair and accurate adjudication.

### II. LEGAL STANDARD UNDER FED. R. EVID. 706

Federal Rule of Evidence 706(a) authorizes the Court to appoint neutral expert witnesses where scientific, technical, or other specialized knowledge will aid in the trier of fact's understanding. The Ninth Circuit has repeatedly affirmed such appointments in matters involving complex subject matter. See Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999); Gorton v. Todd, 793 F. Supp. 2d 1171, 1178 (E.D. Cal. 2011).

Moreover, courts have held that the appointment of experts is especially warranted where:

The factual record includes voluminous or specialized exhibits;

The case involves digital forensics or technical expertise beyond lay understanding;

An indigent or pro se party may be disadvantaged without neutral technical support.

### III. JUSTIFICATION FOR EXPERT APPOINTMENT IN THIS CASE

Plaintiff's claims implicate:

Substantive narrative alignment between the Plaintiff's copyrighted works and the *Empire* television franchise;

Statistical analysis reflecting tens of thousands of points of similarity;

Digital submission and metadata verification via the EDSS (Electronic Document Submission System);

Alleged suppression and repackaging of evidence by judicial officers and/or third parties.

These elements require expert validation in the fields of:

**Narrative Forensics** – to evaluate literary and character parallels;

**Intellectual Property Valuation** – to quantify commercial damages;

**Metadata & Chain-of-Custody Forensics** – to validate document authenticity and submission sequence;

**Statistical Pattern Recognition and AI-based Modeling** – to assess probability of independent creation.

### IV. NATIONWIDE SUPPORTING AUTHORITY

Courts across multiple circuits have recognized the benefit of Rule 706 appointments:

*Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011): upheld expert appointment in evidentiary complexity involving economic loss.

*Hanchett-Stark v. Lueth*, 2012 WL 1409777, at *2 (E.D. Cal. Apr. 23, 2012)*: held that the appointment of forensic experts may be appropriate to level the playing field in matters involving electronic document evidence.

*U.S. v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012): recognized metadata and digital evidence as admissible only where supported by technical validation.

## V. CONCLUSION

Appointment of Court-supervised neutral experts is necessary to ensure clarity, fairness, and proper evaluation of the core claims in this matter. Plaintiff respectfully urges the Court to GRANT the Motion for Appointment of Expert Witnesses pursuant to FRE 706.

**Dated: July 20, 2025**

**Respectfully submitted,**

**/s/ James Edward Whitfield**
**James Edward Whitfield**
**Plaintiff, Pro Se**
**San Bernardino County, California**