UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

FILED
CLERK, U.S. DISTRICT COURT
07/23/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___AP___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**JAMES EDWARD WHITFIELD,**

**Plaintiff,**

vs.

**LEE DANIELS; LEE DANIELS ENTERTAINMENT, INC.; DANNY STRONG; DANNY STRONG PRODUCTIONS; LITTLE CHICKEN, INC.; 20TH CENTURY FOX STUDIOS; IMAGINE ENTERTAINMENT; WALT DISNEY, INC.; 20TH TELEVISION, INC.; FRANCIE CALFO; SANAA HAMRI; ILENE CHAIKEN; DENNIS HAMMER; BRETT MAHONEY; HEATHER J. SCHULTZ (GITTENS); MARCIA MCNAIR; AND DOES 1 THROUGH 200, INCLUSIVE, DEFENDANTS.**

Case No. **5:25-cv-01035-MWC (BFMx)**

SECOND AMENDED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S AMENDED CIVIL COMPLAINT

**(JURY TRIAL DEMANDED)**
**[Filed in Compliance with Dkt. #62, July 14, 2025 Order]**

**I. INTRODUCTION**

This Memorandum of Law is submitted in support of Plaintiff **James Edward Whitfield's Second Amended Civil Complaint in Case No. 5:25-cv-01035 (MWC- BFM)**. Plaintiff alleges that Defendants—**including prominent entertainment producers, corporate entities, and intermediaries**—unlawfully misappropriated **his original manuscript *From Underworld to Overworld* (© 1997), his early AI-based logistics system known as U.P.I.T.S. (© 1996),**

1

**and his proprietary economic framework, the Trilateral Wealth Creation System (TWCS, © 1997–1999). These works were repurposed into the six-season television series *Empire* (2015–2020) without attribution or compensation.** The Complaint asserts 24 distinct causes of action under the **Copyright Act**, **Lanham Act**, **California Trade Secret statutes**, and **U.S. Constitution**, and is supported by forensic evidence, metadata analysis, and judicial admissions set forth in Docket #18. Plaintiff **seeks declaratory relief, injunctive protection, compensatory and statutory damages, a constructive trust over infringing profits, and full recognition of authorship and ownership rights.** This Memorandum presents the legal authority and governing standards that support Plaintiff's claims.

## II. LEGAL STANDARDS

### A. Standard for Evaluating a Civil Complaint under Rule 12(b)(6)

To survive a motion to dismiss under **Federal Rule of Civil Procedure 12(b)(6)**, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim includes factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Courts must assume the truth of all well-pleaded facts and construe them in the light most favorable to the plaintiff.

### B. Standard for Copyright Infringement

To establish copyright infringement, Plaintiff must show: (1) ownership of a valid copyright, and (2) copying of protected elements of the work. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying may be proven through access and substantial similarity. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Substantial similarity is

determined by evaluating whether the works share the same ideas and expressions in a manner that the average audience would recognize as appropriated.

### C. Standard for Trade Secret Misappropriation

Under the **California Uniform Trade Secrets Act** (Cal. Civ. Code § 3426 et seq.), a trade secret is misappropriated when it is disclosed or used without consent by someone who acquired it under circumstances giving rise to a duty to maintain its secrecy. A plaintiff must demonstrate that: (1) the information was a trade secret, (2) it was misappropriated, and (3) the defendant's use caused harm. *Altavion, Inc. v. Konica Minolta Sys. Lab., Inc.*, 226 Cal. App. 4th 26, 63 (2014).

### D. Standard for False Designation of Origin

Claims under the **Lanham Act**, 15 U.S.C. § 1125(a), require proof that Defendants used a false or misleading designation that is likely to cause confusion or deception about the origin of goods or services. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31–32 (2003). While Dastar limited attribution-based claims, courts recognize liability where the misrepresentation of origin affects market perception or misappropriates creative content.

### E. Standards for Constitutional and Equitable Relief

Plaintiff invokes protections under the **First and Fourteenth Amendments**. Courts require meaningful access to adjudication and prohibit suppression of expressive content. *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). **Where judicial suppression or manipulation of court filings is alleged, courts have broad authority under their inherent powers to remedy fraud upon the court.** *Chambers v. NASCO, Inc.*, **501 U.S.** 32, 44–46 (1991).

ADDENDUM TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S

SECOND AMENDED CIVIL COMPLAINT

SUMMARY TABLE OF 24 CAUSES OF ACTION

**Count**

**Legal Cause of Action**

**Statutory / Doctrinal Basis**

1

Copyright Infringement

17 U.S.C. § 106; Feist, Three Boys Music

2

Intellectual Property Misappropriation

Cal. Civ. Code § 3426 et seq.;

Altavion

3

False Designation of Origin / Unfair Competition

15 U.S.C. § 1125(a); Dastar

4

Fraudulent Misrepresentation and Inducement

Cal. Civ. Code §§ 1572, 1709; Lazar

5

Constructive Fraud

Cal. Civ. Code § 1573; Estate of Gump

6

Breach of Confidential or Implied-in-Fact Relationship

Desny; City of Hope v. Genentech

7

Conversion

Kremen v. Cohen; Fremont Indem. Co.

8

Unjust Enrichment

Ghirardo; Astiana

9

Intentional Infliction of Emotional Distress

Christensen; Hughes v. Pair

10

Civil Conspiracy

Applied Equip. Corp. v. Litton

11

Respondeat Superior and Successor

Liability

Ray v. Alad Corp.; Perez v. Van Groningen

12

Ongoing Violations Doctrine

Petrella v. MGM; Fresno Motors

13

Negligent Misrepresentation

Bily v. Arthur Young & Co.

14

Breach of Fiduciary Duty

Wolf; Jones v. Ahmanson

15

Right of Publicity Violation

Cal. Civ. Code § 3344; White v. Samsung

16

Misappropriation of Likeness

Motschenbacher v. R.J. Reynolds

17

Failure of Due Diligence

A&M Records v. Napster; MGM v. Grokster

18

Declaratory Relief

28 U.S.C. § 2201; MedImmune v. Genentech

19

Injunctive Relief

Fed. R. Civ. P. 65; Winter v. NRDC

20

Accounting

Miller v. McLaglen

21

Constructive Trust

Weiss v. Marcus

22

Judicial and Equitable Estoppel

New Hampshire v. Maine; Jackson v. L.A. Cnty.

23

Spoliation of Evidence / Procedural Suppression

Cedars-Sinai; Williams v. Russ

24

First and Fourteenth Amendment Violations

Goldberg v. Kelly; Zacchini

## III. STATUTORY AND EQUITABLE BASIS FOR RELIEF

Plaintiff invokes jurisdiction under **28 U.S.C. §§ 1331, 1338, 1367, and 1400(a)**, asserting claims under the Copyright Act (**17 U.S.C. § 101 et seq.**), the Lanham Act (**15 U.S.C. § 1125**), and the Defend Trade Secrets Act (**18 U.S.C. § 1831 et seq.**). Venue is further appropriate under **28 U.S.C. § 1400(a)**, as this is a civil action arising under the copyright laws of the United States. Additional claims arise under California statutory and common law, equitable doctrines, and the United States Constitution.

## IV. ANALYSIS OF FEDERAL COPYRIGHT CLAIMS

Additional Circuit Court precedent supports these claims:

**Second Circuit:** *Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2001) (affirming protectability of expressive choices in arrangement and overall presentation).

**Third Circuit:** *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222 (3d Cir. 1986) (structure, sequence, and organization of copyrighted work are protectable).

**Seventh Circuit:** *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007 (7th Cir. 2005) (substantial similarity can be demonstrated through forensic expert testimony and expressive parallels).

**further supports Plaintiff's claims:**

**Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539 (1985)**

(holding unauthorized use of unpublished manuscript content was not fair use; protecting author's control of first public appearance).

**Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417 (1984)** (affirming exclusive rights of copyright holders under § 106).

**Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154 (2010) (holding federal courts retain jurisdiction even where registration is imperfect, relevant for pro se copyright plaintiffs).**

**Zacchini v. Scripps-Howard Broad. Co., 433 U.S. 562 (1977)** (recognizing protection of persona, performance, and right of publicity under First and Fourteenth Amendments).

## V. ANALYSIS OF TRADE SECRET AND MISAPPROPRIATION CLAIMS

Other favorable Circuit decisions:

**Fifth Circuit:** *General Universal Sys., Inc. v. Lee*, 379 F.3d 131 (5th Cir. 2004) (affirming trade secret liability based on circumstantial evidence of unauthorized disclosure).

**Eleventh Circuit:** *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284 (11th Cir. 2003) (misappropriation upheld even where disclosure occurred under implied confidentiality).

**Montz v. Pilgrim Films & Television, Inc., 649 F.3d 975 (9th Cir. 2011) (en banc)** (reversing dismissal and allowing implied contract claims for submission of TV show concepts).

**Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079 (9th Cir. 2005)** (upholding trade secret claims involving reverse engineering and unlawful use of confidential designs).

**Three Boys Music Corp. v. Bolton, 212 F.3d 477 (9th Cir. 2000) (substantial similarity test for copyright infringement satisfied even with circumstantial evidence of access).**

**Fleet v. CBS, Inc., 50 Cal. App. 4th 1911 (1996)** (affirming liability where ideas were submitted in confidence and later used without compensation).

**V-A. BUSINESS ENTITY REPACKAGING EVIDENCE (Exhibits TF-3P.1 through TF-3P.5)**

**INCORPORATION OF EXHIBITS TF-3P.1 THROUGH TF-3P.5: BUSINESS MODEL REPACKAGING ANALYSIS**

Plaintiff respectfully incorporates Exhibits **TF-3P.1 through TF-3P.5** into this Memorandum by reference. These exhibits establish that Defendants repackaged Plaintiff's real-world entities into fictional or derivative equivalents within the Empire series, as follows:

Plaintiff's Entity

Empire

Repackaged

Equivalent

Exhibit

Reference

TF-3P.1: Whitfield Consulting, LLC

Andre Lyon's fiduciary and executive role

TF-3P.1

TF-3P.2: 21st Century Media, LLC

Empire XStream

TF-3P.2

TF-3P.3: J. Whit Legal, LLC

Andre's legal consulting firm TF-3P.3

TF-3P.4: International Coalition for Reentry Affairs

9

Lucious Lyon's nonprofit programming

TF-3P.4

TF-3P.5: Ex-Offenders Resource Network, Inc. (EORN)

The Lyon Foundation

TF-3P.5

These forensic mappings confirm structural, narrative, and operational identity between Plaintiff's commercial models and those used throughout the series Empire, **further supporting Counts 1, 2, 3, 8, 21, and 24.**

## VI. LANHAM ACT AND FALSE DESIGNATION OF ORIGIN

Additional authority includes:

**Second Circuit:** *Gilliam v. ABC*, 538 F.2d 14 (2d Cir. 1976) (unauthorized editing of creative work constituted false attribution).

**Sixth Circuit:** *Tumblebus Inc. v. Cranmer*, 399 F.3d 754 (6th Cir. 2005) (use

of misappropriated business concepts and branding actionable under § 1125(a)).

**Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23 (2003)**,

though limiting in scope, acknowledged potential for false designation where origin of creative content is misleading and harms the market.

## VII. FRAUDULENT INDUCEMENT AND BREACH OF DUTY

Plaintiff's claims for fraudulent inducement and breach of duty are supported by California law and long-standing contract doctrines. In California, a cause of action for fraudulent inducement arises when a party is tricked into entering a transaction through false representations. Plaintiff entrusted his manuscript and proprietary systems to intermediaries (Gittens and McNair) under false pretenses of literary support and confidentiality. Under **California Civil Code §§ 1572**

**and 1709, fraud in the inducement is actionable when deceit leads to the surrender of valuable property**. See **Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)** (misrepresentation at contract formation constitutes

actionable fraud).

Further, California courts recognize an implied-in-fact contract and duty of confidentiality between authors and those who receive unpublished works for review. See **Desny v. Wilder, 46 Cal. 2d 715, 734–40 (1956)** (a producer who receives a literary idea in confidence **must not exploit it without compensation**).

Similarly, breach of fiduciary duty occurs where a confidential relationship is abused. See **Wolf v. Superior Court, 107 Cal. App. 4th 25, 30 (2003)**. Here, Plaintiff alleges that the intermediaries violated duties of trust, and that Defendants knew or should have known of these violations when integrating the content into Empire. The facts alleged **establish prima facie liability for fraudulent inducement,** constructive fraud, and fiduciary breach under California contract and tort principles.


**VIII. CONVERSION, UNJUST ENRICHMENT, AND PUBLICITY CLAIMS**

Further supporting case law includes:

**Sixth Circuit:** *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831 (6th Cir. 1983) (unauthorized commercial use of persona constitutes publicity rights violation).


**Third Circuit:** *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007 (3d Cir. 2008) (likeness and voice use for commercial promotion violates right of publicity). With evidence from Exhibit K and other EDSS submissions, support legal relief for conversion, unjust enrichment, and misappropriation of likeness under state and federal law.

## IX. FORENSIC VALIDATION AND EVIDENCE CONTROL

Federal Rule of Evidence 702 allows for expert testimony in matters requiring scientific, technical, or other specialized knowledge. Plaintiff's forensic comparisons, metadata analysis, and narrative replication matrices fall squarely within this framework. Courts have repeatedly endorsed expert use in intellectual property cases.

See **Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993)**; **United States v. Finley, 301 F.3d 1000, 1007–08 (9th Cir. 2002)**.

Plaintiff requests that the Court permit or appoint expert witnesses under Rule 706 to establish narrative, economic, and forensic authenticity of the underlying works.

## X. JUDICIAL FINDINGS AND DOCKET #18

**Docket #18 includes side-by-side comparisons, metadata observations, and character alignments that judicially acknowledge the core claims in this case. Under Ninth Circuit precedent, unrefuted judicial statements in docketed materials can constitute admissions.** See **American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988)**.

<u>**Attempts to vacate or amend Docket #18 would raise serious questions of judicial manipulation, particularly where no party served had access to or altered the original EDSS-submitted content.**</u> Plaintiff reserves his right to relief under Rule 60(d)(3).

## XI. EDSS CHAIN OF CUSTODY AND COURT SUPPRESSION

Plaintiff's filings via **EDSS—particularly Tracking Nos. EDS-250423-001-9548 and EDS-250508-002-0081**—demonstrate a transparent, time-stamped submission history. The reappearance of these sealed filings in an altered form in Docket #18 raises substantial questions under **chain-of-custody and record tampering doctrines.** See **Chambers v.**

**NASCO, Inc., 501 U.S. 32, 44–46 (1991)** (federal courts possess inherent authority to address fraud upon the court).

## XII CONSTITUTIONAL VIOLATIONS AND DUE PROCESS

The First and Fourteenth Amendments protect expressive authorship and access to court. Judicial suppression of Plaintiff's sealed exhibits, sua sponte forensic review, and denial of an adversarial hearing contravene these protections. See **Goldberg v. Kelly, 397 U.S. 254 (1970)** (due process requires opportunity to be heard at a meaningful time and in a meaningful manner); **Zacchini v. Scripps-Howard**, supra (First Amendment protects individual control over expressive acts).

## XIII. PLAINTIFF'S ARTICLE III STANDING

Additional circuits affirm this standard:

**D.C. Circuit:** *Shays v. FEC*, 414 F.3d 76 (D.C. Cir. 2005) (standing upheld where procedural violations caused concrete injury).

**First Circuit:** *Hochendoner v. Genzyme Corp.*, 823 F.3d 724 (1st Cir. 2016) (plaintiffs need only allege facts demonstrating plausible injury, causation, and redressability).

## XIV. RULE 706 REQUEST FOR COURT-APPOINTED EXPERTS

Rule 706 of the Federal Rules of Evidence authorizes the appointment of neutral experts where highly technical, statistical, or forensic analysis is essential to just adjudication. Given the volume of evidence in Docket #18 and forensic detail concerning metadata, probability

modeling, and artificial intelligence lineage, Plaintiff renews his request for appointment of experts in:

**Narrative forensics;**

**Intellectual property valuation;**

**Statistical pattern analysis;**

**Metadata integrity.**

See also **Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999)** (upholding district court's use of expert testimony to assess complex factual patterns). **(See Motion for Appointment of Expert Witnesses).**

## XV. CONCLUSION

Justice is not only the province of procedure—**it is the realization of truth when truth is placed before the Court**, **irrespective of the Plaintiff's station**. What stands before this Court **is not simply a copyright claim or trade secret dispute. It is the life work of a man forged in confinement** and delivered in good faith into a judicial system that promised impartiality and fidelity to the rule of law.

**The Defendants inherited a narrative, a technology, and a legacy they did not author, and the forensic trail they left behind leads back unmistakably to Plaintiff's sealed submissions.**

This Court has the rare opportunity to correct a foundational wrong: **the unauthorized seizure of intellectual property, the suppression of origin, and the denial of redress to its true creator.** The record shows not only injury, but authenticity, causation, and judicial validation in Docket #18. The law—across circuits and doctrines—supports Plaintiff's right to attribution, compensation, and protection. The Constitution demands due process. Equity compels restitution.

The relief requested **is not merely about damages**; it is about dignity, authorship, and the integrity of the judicial process itself. **This Court must lead by example.**

Therefore, for the foregoing reasons, and based on the forensic, factual, and legal foundation established in the Amended Civil Complaint and Docket #18, Plaintiff, respectfully requests that this Court: **(1) preserve Docket #18 as judicial admission; (2) appoint narrative and forensic experts under Rule 706; (3) recognize the suppressed EDSS filings as controlling record; (4) deny any motion to dismiss based on alleged lack of standing or preemption; and (5) set this matter for evidentiary hearing with full constitutional and statutory protections.**

## XVI. ECONOMIC VALUATION OF PLAINTIFF'S INTELLECTUAL PROPERTY AND DAMAGES.

**ECONOMIC VALUATION OF PLAINTIFF'S INTELLECTUAL PROPERTY**

Plaintiff incorporates the economic valuation data **from Section VII of the Second Amended Civil Complaint:**

**From Underworld to Overworld (1997):** Minimum appraised IP value of **$50 million** upon release; actualized commercial value exceeds **$1 billion**, based on adaptation across six seasons and forensic correlation of **86,750+** narrative parallels.

**Universal Products Inventory Tracking System (U.P.I.T.S., 1996):** Estimated 1996 patent value of **$15 million**, adjusted to a present-day valuation exceeding **$850 million**, based on SaaS/IP multiplier models and tech-sector comparables.

**Trilateral Wealth Creation System (TWCS, 1997–1999):** Innovative AI-based economic framework estimated to exceed **$1.2 billion** in current valuation due to its replicability across **fintech, decentralized finance, and nonprofit ecosystem applications.**

**Aggregate Damages and Financial Exposure:**

When combined with derivative business ecosystem losses (EORN, OTSMN, Whitfield Consulting, etc.), total economic injury is conservatively estimated at **$10.5 billion**, with full compensatory and punitive damages bringing the exposure to approximately **$15 billion**.

## XVII. SETTLEMENT CONFERENCE REQUEST AND GROSS-UP PROVISION

Plaintiff affirms his willingness to participate in a judicially supervised settlement conference, early neutral evaluation, or alternative dispute resolution session pursuant to **Federal Rule of Civil Procedure 16(c)(2)(I)** and applicable local rules. Such efforts may streamline proceedings, narrow factual disputes, and advance the interests of justice.

Furthermore, Plaintiff respectfully requests that, in the event of any monetary award—**whether by judgment or negotiated settlement**—the Court impose a **"gross-up" provision** to ensure that any compensatory, statutory, or punitive damages awarded **are not eroded by tax consequences**. **The gross-up ensures that Plaintiff receives the full intended value of the award after all applicable federal and state taxation is considered.** This is consistent with equitable doctrines in restitution, tax- adjusted remedies, and economic parity, and aligns with rulings such as:

**Eshelman v. Agere Sys., Inc.,** 554 F.3d 426 (3d Cir. 2009) (affirming gross-up to ensure equitable relief);

**Schoonmaker v. Spartan Graphics Leasing, LLC,** 595 F.3d 261 (6th Cir. 2010) (recognizing the propriety of gross-up for compensatory awards subject to taxation).

In light of the sustained nature of Defendants' infringing conduct and the protracted denial of authorship, such relief is both appropriate and necessary to restore Plaintiff to the financial and reputational position he would have occupied but for the violations.

### XVI. PRESERVATION AND MEDIA DISCLOSURE NOTICE

Plaintiff hereby notifies this Honorable Court that, due to prior procedural irregularities—including alleged evidentiary suppression, delayed docketing, and sua sponte access to sealed EDSS submissions—a copy of the core evidentiary record, including Exhibits A through W, forensic tracing matrices, and supporting declarations, has been **securely shared with accredited members of the news media and third-party legal observers**.

This measure **is not intended as a public dissemination of sealed or confidential content**, but rather as a **protective disclosure** to ensure that the **integrity of the record is preserved**, the evidentiary chain remains unbroken, and any future claims of tampering, omission, or retaliation can be independently verified.

Plaintiff affirms that:

The disclosures occurred **after filing** through the Electronic Document Submission System (EDSS); The content shared **mirrors the original EDSS submissions**;

No privileged, sealed, or confidential personal identifiers have been released to the public; and

Plaintiff remains committed to compliance with all Court orders and confidentiality protocols.

This disclosure is made pursuant to Plaintiff's rights under the **First Amendment**, and the inherent authority of parties to protect the evidentiary integrity of judicial proceedings where suppression, misconduct, or fraud upon the court is reasonably suspected.

**Respectfully submitted,**

**/s/James Edward Whitfield**

James Edward Whitfield
Plaintiff, Pro Se
7903 Elm Avenue #82
Rancho Cucamonga, CA. 91730
Whitfieldjames46@proton.me
(952) 299-7010
**Dated: July 23, 2025**
Location: San Bernardino County, California 91730